Good morning. May it please the Court. I'm Lisa Ells, and I represent Appellant Mr. Sharkey. I'd like to reserve three minutes for rebuttal. There is no question in this case that the district court's order has to be reverse. Defendants have conceded that my client was never given the opportunity to amend his complaint even a single time, even though no responsive pleading had ever been filed. He had a right to do so under FRCP 15A, and he was not given that opportunity. Additionally, he alleged sufficient facts to support equitable tolling, and he was not given an opportunity to incorporate those facts into his complaint either. However, there is a major issue before this Court that must be decided, even though the outcome of the appeal itself is clear. The only issue decided that needs to be decided by this Court is whether or not Mr. Sharkey's ADA claims were pled in a timely fashion. This Court has never decided what the statute of limitations is for the ADA, and that is before the Court today. If there is a two-year statute of limitations, as the State argues here, and as the district court held, then assuming the accrual rate was properly calculated by the Court, Mr. Sharkey's claim would be untimely. However, it was pled within three years, which is the appropriate statute of limitations that this Court should follow. Roberts, can I just stop you before you go into why three years is the governing statute? If we said it was two, the case would still need to go back and your client would still have the more that he could do to try to meet the two-year? That's correct. However, if the ADA claim is sufficiently pled as it is, he shouldn't need to revise that claim. If we were to hold that it's three years, then we just send it back and say parties go forward. Well, his ADA claim would proceed as it is stated. However, he did allege a number of additional claims as well under Section 1983 and various other Federal statutes. So he would need the opportunity to amend as to those. Because the statute is two years as to the other claims? Yes. That's correct. So the appropriate test for determining whether or not a Federal statute that does not itself contain a statute of limitations, such as the ADA, is outlined in Wilson v. Garcia. It's essentially a two-part test for the purposes of the Court today. The first step is to determine what the most analogous State law cause of action to the Federal claim is. And then the second step is to apply the statute of limitation that adheres to that State law claim. In this case, in California, there are two very, very close analogs to the ADA. The California Disabled Persons Act and the UNRRA Act both specifically incorporate all provisions of the ADA and provide that any violation of those State law claims or any violation of the ADA also violates those State law claims. And both of them specifically had a legislative intent in 1992 when those amendments were stated to create at least a floor of the ADA protection. But neither of them – correct me if I'm wrong on this – but neither of them itself has a statute of limitations that we can just bar them? That is correct. That's the complicating factor here. However, California does have a very clear test of how to determine what the appropriate statute of limitations is. You say it's very clear, but both of you guys seem to come to diametrically opposed conclusions. To clarify, the test itself is clear. The outcome is a little muddled because neither this Court nor the California Supreme Court has determined what the statute of limitations for the CDPA and the UNRRA Act are. Isn't that the problem, Ms. Ellis, is if we go that route, we're going to have all this litigation about, well, this subsection of that statute has this statute of limitations, this one has that. And it seems to me you have only one case of all the circuit courts that have looked at this. You have the one case out of the Fourth Circuit to hang your hat on, the Wolski case? Well, that's correct, Your Honor, that there is only one circuit that has applied something other than the personal injury statute of limitations. But the problem with analogizing to those other circuits is that each of the circuits has to conduct a State-specific inquiry. So whether or not, for instance, Georgia has a parallel statute that protects disability rights like California does, it may not. And so we can't just incorporate, for instance, the Eighth Circuit's test and say that it would apply here, because California does have these very special statutes that specifically target exactly what the ADA targets. And in Wolski, did the Fourth Circuit use the State statute of limitations to revive a case that would otherwise be dead or to kill a case that would otherwise be alive? Well, they took the Wilson test and they found the most appropriate analog, found that it was this disability-specific statute, and that statute had a one-year statute of limitations. And so they told the plaintiff, you're out of luck. That's correct. And here, you want to get to a different result. All I'm saying is the one circuit that went the other way, I'm not saying what their motivation was, but they used it. We would hope they would do the same thing if it benefited the plaintiff instead of killing him. But it doesn't seem that anyone else has done it to the plaintiff. And isn't there a real value to having the predictability of saying these are all going to be dealt with under the personal injury statute of limitations and let it go forward that way? Well, that would be fine if that's what Wilson dictated. But Wilson didn't make that rule. Wilson specifically said you need to look first to the State law and find an analogous cause of action. And what the statute of limitations is for that State law cause of action is a State question. It's not a Federal question. So if California chooses to have or if California law has different statutes of limitations for certain types of access claims and not for others, that is ultimately California's choice. And Wilson says to respect that. Kennedy, California case, don't we? Gatto. The Gatto case. Yes. And by a highly respected California judge, with whom I'm having dinner tonight. But it was concerned, the California court of appeals, was concerned about all these issues and suggested in that case that the proper statute for this would be the statutory limit of 3 years. That's correct. And that that would be specific to the code sections that provide that the ADA is incorporated into those code provisions. That's correct. Therefore, 3 years would be the appropriate. Now, whether that's right or not, what I'm suggesting is that that's the view of the California court of appeal, and we have no reason, as far as I know, to think the Supreme Court wouldn't approve of that. That's correct. That case has been good law in California for 7 years now. And it has been undisturbed. And it has been applied. Although it goes beyond your argument that it has to be the UNRRA Act. You seem to think it's either personal injury or the UNRRA Act, but this is an entirely separate provision, the California code section, which is clearly a statutory act. And under that code section, you don't even have to reach the UNRRA Act, which may be a little more complicated or not. And what Judge Lasnik fears of all these complications, the California law, is that it creates even more under the UNRRA Act, I think. But this one seems fairly plain, straightforward, and simple. And, you know, if it were Mississippi and they said everybody gets 6 months, it would be nice and simple. But California chose, as I understand it, not to make its law so simple, and maybe even to give plaintiffs more of a chance than the Fourth Circuit. That's correct, Your Honor. So the Gatto analysis tracks the California Supreme Court test for determining whether or not the statute of limitations governing common law claims or the statute of limitations governing statutorily created claims governs. And Gatto specifically held that the Title II type of allegations that are at issue here... Held or just observed? It stated, I should clarify, it was dicta, Your Honor, as was the West Shield analysis going the other direction. But the Gatto court specifically stated that Title II type of public access on behalf of government services are not based in California common law. And that is exactly the type of claim that is at issue here. And as to your point, Your Honor, that this would create disharmony, Title I, II, and III of the ADA already have completely different sort of parameters for them. Congress has demonstrated that they're comfortable with different statutes of limitations for different types of ADA claims. For instance, Title I has a statute of limitations within it. But Titles II and III, the Congress decided to defer to the states. And that's exactly what this Court must do. It must defer to the states, granted somewhat messy statute of limitations analysis, but the Gatto court makes it extremely clear that the type of claim that is at issue here, which is against a public entity for services provided on parole, does take the three-year statute of limitations. Can I ask you this? Do you think that a different analysis will be required? This case just involves Title II type claims. That's right. Do you think a different analysis might be required for Title III and Title IV type claims? That is possible. I don't think that the law is clear on that in California right now. But it is crystal clear under the Gatto analysis, which there's no reason to doubt that that analysis is sound, even though it is dicta. Well, we – I mean, Gatto doesn't get to dictate to us how we're going to interpret statute. It certainly does not. So I'm just – I mean, is that what you're advocating? You think we should do a title-by-title statute of limitations analysis? I think that that would not be inappropriate. I think that question is not before the Court today. But like I said – What does it mean? If you say that the Gatto analysis is correct for Title II, and then either that means it's got to be the same for every other title, or it means that you take a title-by-title approach. What I meant to clarify, what I meant to say is that I'm not sure that Gatto specifically reaches Title II – Title III type of claims. It's just not in my head right now. But I don't – You take no position? I don't take a position on the Title III because it's not before the Court. But I – But you can still take a position, even if it weren't before the Court, if you were asked the question. I think you were. I think that it is likely that the California courts would find that Title III type of claims take a two-year statute of limitations, based on the analysis that I see in Gatto. I don't think that that is actually a problem under Wilson or under the ADA, though, because, like I mentioned, the ADA different sections, the titles stand alone, and they each have their own remedies, and they're very clearly defined. And so it wouldn't create confusion among the courts. Litigants today already understand, or at least the courts understand, that there are three different remedies and procedures that adhere to the different titles of the ADA. There are essentially three different statutes that are lumped under an omnibus statute. And so to that extent, I think that the law would dictate that the Title II type of claim here would take three years, and – Can you just – I couldn't gather from your discussion with Judge Reinhart. What's the statute you want us to pick, which California statute are we picking? The Title II type of claim here would take a three-year statute of limitations. No, I know, but what's the – Oh, I'm sorry. What's the site? What's the state analog that you want us to borrow from? Oh, it's – I think, honestly, that it – either one, because they both incorporate – Say what the two are. Yeah. So the California Disabled Persons Act, which is the civil procedure section 54 and 54.1. Okay. And the UNRRA Civil Rights Act, which is California Civil Code 51. What's to pick between those two? I think you could pick either one of those, and it would drive the same outcome. I think they both literally incorporate the ADA and provide that any violation of the ADA is also a violation of those statutes. There is – and both of those would lead to the same outcome as to the statute of limitations, because, as the Gatto Court noted, government entities were not subject to suit for access violations under the common law. So the statutorily based statute of limitations, which is three years in California, would adhere. And what did you have to say about Government Code Section 11135? So that is not a particularly analogous statute, because it doesn't provide a private right of action. But it did provide a private right of action. It does for equitable relief only, but it's essentially an administrative action. And there's no sort of individual remedy. There's no – I'd like to reserve a little bit of time if that's possible. I'm happy to finish your – finish answering your question, but I notice that my time is very short. All right. Save the rest of your time. Maybe we'll come back to that. Thank you, Your Honor. Good morning. Sorry. May it please the Court, Deputy Attorney General Neal Wynn for the defendant's appellees. The takeaway from Wilsenberg v. Garcia is that Federal courts borrow the statute of limitations from the form State, but I don't think Federal courts need to borrow its mess. And here, we have two court of appeals decisions that have created a mess concerning statute of limitations under the UNRULE Act, and I want to address Gatto head-on. Gatto – the essential holding in Gatto is that there is no single statute of limitations under the UNRULE Act. Gatto agrees with Westshield that Title III claims concerning public accommodations are rooted in common law and, therefore, subject to the personal injury action. Now, I understand that Gatto mentioned that two examples, workplace discrimination and discrimination in government services, Gatto hinted that they were not rooted in common law and, therefore, may be subject to the statutory default of three years. That is just plainly wrong. The notion that the government treated citizens equally under the laws is as old as the nation itself. In fact, the California Constitution has an equal protection clause. So I think Gatto is just simply wrong on that front. The notion that workplace discrimination is not rooted in common law, I think this Court addressed that situation in a case called Stanley v. Trustees of CSU. And the citation is 433F.3D1129. And in Stanley, it's a Title IX sexual harassment case. And the Court didn't go into the mess of whether the – and so Title IX doesn't have a statute of limitations, so the Court had to borrow from California. And the Court there didn't go into the mess of whether the sexual harassment claim is rooted in common law or not. What the Court did, in accordance with Wilson, is just take a step back, look at what the harm here is. It's an injury to a personal right. And so the most analogous statute of limitations is the personal injury statute of limitations, and that can be found in 335.1 of the California Code of Civil Procedures. If we look at Sharkey's allegations here, he's alleging that the four parole agents in this case, their wrongful and discriminatory conduct caused them to fall multiple times in the hotel rooms, caused them extreme stress, duress, great pain, weight gain, and other medical symptoms. He also alleged that the four parole agents caused him to lose his property. The right to be free from such discriminatory harm is a personal one, a right that sounds untoward and is closely akin to an equal protection claim. Robertson, Well, you know, you focused on the particular allegations in this case. But I assume, though, you're not saying that we should have to do this analysis every single time. Martinez, And that's correct. And I think if we follow Wilson's case. Robertson, If that's right, then shouldn't we just be looking at more generically  Martinez, Well, if we look at Title — both titles, Title II and Title III, we take a step back and look at what the primary right here is. And the primary right under both titles, even in Title I as well, is the right to be free from discrimination on certain characteristics, and in this case, disability. And when we look at that, that's an injury to a personal right. And we have a personal injury statute of limitations, and so there's — therefore, there's no need to use the default or the catch-all statute of limitations. Alito, Okay. But let's say that California enacts an exact mirror of the ADA, title by title, and says the statute of limitations for all these claims is three years, right? Martinez, Okay. Alito, Then we would just take that. Martinez, Oh. I mean, if the Unrule Act or the DPA, for instance, if either one contains the statute of limitations, we wouldn't be here. And this would be a classic example of the Wolsky case out of the Fourth Circuit. But we don't have that situation here. And it gets a little trickier once you look at the statute of limitations under 338, the one that my counsel is advocating for. Because the rule is that the three-year statute of limitations applies if an action upon liability created by statute other than a penalty of forfeiture. Now, the meaning of penalty under California case law is when there's an action that authorizes more damages than actual, than the additional damages, for instance, statutory minimum damages, are considered penal in nature. And so that would be subject to a one-year statute of limitations under Section 340 of the Civil Code of Civil Procedure. So in practice, if you have an ADA plaintiff who, for instance, tries to go into a Taco Bell and he couldn't get there and he didn't suffer any actual damages, will get minimum damages, that's a penalty by definition. And that would actually be one year under if you're borrowing from the California statute of limitations. So it gets a little tricky there. So what Wilson is trying to address is we shouldn't have multiple statute of limitations in the suit depending on the defendants, whether they're government officials or private citizens, or the remedies you seek. Let's just take a step back and look at the primary right, what the harm is being alleged here. And the essence of Sharkey's claim is the right to be free from discrimination. And that's a personal right. And the most applicable statute of limitations is the personal injury statute of limitations. And then the other oh, and also four years after Wilson v. Garcia, the Supreme Court addressed the situation where there are multiple statute of limitations for a 1983 claim. And when you have that situation, so in the Owens case, and I'll give you the citation, it's 488 U.S. 235. And in that case, New York had two statutes of limitations, one for intentional tort, which was one year, and for all other personal injury claims, it was a longer period of time. And so the holding in Owens is that where the State law provides multiple statute of limitations for personal injury actions, Federal courts should borrow the general or residual statute of limitations for personal injury. And so here, if we go down what Sharkey is advocating for here, I think we're going to run into that problem. We're going to have multiple statute of limitations. The hotel defendants would get two years under the holding of Gatto and Westfield. Parole agents, we follow Sharkey's position, would get three. It just doesn't make any sense. And the takeaway from Wilson is that we should apply a rule that brings predictability and uniformity. And by adopting the two-year, that's in furtherance of that interest. Well, if we just say that all Title II-type or all Title II claims are going to get three years, why doesn't that fix the predictability problem? Well, because if we do that, then a faithful application of 338, which is the three-year, is going to depend on the remedies as well. So if the ADA plaintiff doesn't suffer any harm and he gets the statutory minimum, then that's just one year. So I don't think Sharkey wants that. I don't think we have to do that. Look, we're trying to set the statute of limitations for a Federal cause of action. We don't have to get into the nuances of whatever the State wants to do at that level, do we? Exactly. And that's what we're advocating here. Right. So I'm saying we're going to pick — let's say we pick three years. We're done. Next title. We've solved all the Title II claims. They get three years. If you want to say that Title III claims should get two years, we'll deal with that later, as counsel has suggested. Why doesn't that take care of the Wilson concern? Because that borrowing would also hinge on further development in the case law by the California courts. And I think we're going to probably go down that route as the Court does that. And so the takeaway from Wilson is the question of actually how to characterize a claim is a question of Federal law. Right. The Court doesn't even need to defer to what the courts are characterizing the claim. And so if we simply characterize the claim as an injury to personal right, and discrimination is analogous to a 1983 claim under the Equal Protection Clause. And so by doing that, I think we can just avoid the mess and comply with Wilson's instruction to pick a — Kennedy, well, would you consider a mess, as Judge Watford is saying, doesn't have to be a mess. It's just suppose Title II are in a separate statute. It wouldn't matter what happens to Title III if there were no Title III or Title III were in a different statute. We just have a statute composed of Title II. And we say, okay, Title II, statute of limitations, it's three years, five years, ten years, whatever it is. What mess is created from our selecting the appropriate statute of limitation for that comparable statute? I think that would violate the spirit of Wilson, because you would have multiple — for instance, in this action, you could possibly have multiple statutes of limitations depending on who you sue. The hotel would get two years, and the government would get three. I didn't follow. You made that point before, and I didn't follow it. So just can you do that part again? Okay. So we know — so Gatto and Westfield agree that discrimination by businesses, for example, are subject to the two-year statute of limitations, because the harm there or the claim there is rooted in common law. And Westfield gave an example, going back to the late 19th century, where you have a two-year statute, for example, requiring to serve all members of the public without arbitrary discrimination. And so in a suit, for example, in this case, you would have a two-year, because that's what Gatto and Westfield said. That's your argument? Even if they're separate statutes, Title II is adopted in 1990. There was no Title III. Then when Title III is adopted, that creates the messy situation. Well, but there's overlap. I mean, basically, between Title II and Title III, the same primary right is at issue. It's just the right to have three. Well, that's why I suppose there were no Title II. Okay. If there are no Title II, then it – well, under California case law, I mean, whenever you sue a government entity – Wait a minute. Just can I get this part straight? Okay. Under Title II, are you saying that we would have two different statutes of limitations depending on whether it was a private or a public defendant? Under Titles II and III. No. I'm just – Okay. Just focus on what I'm saying. Forget about Title III. Let's just pretend all we had was Title II. Okay. Are you saying that there's some problem that we can't pick a single statute of limitations for Title II? Well, no. And that's all – I mean, I guess both sides are advocating for a single statute of limitations. Right. And we're just simply saying that – What if there's a different one for Title III? Who cares? We'll deal with that later if we need to. But why can't we just pick one for Title II? We've satisfied the Wilson concern. We have uniformity, predictability. I don't understand what the problem is. Well, the most analogous statute of limitations is the personal injury, because the harm here is the injury to Mr. Sharkey's personal right, the right to be free from discrimination. And as I noted earlier, that principle is as old as the nation itself. Well, I think we understand that arm, but it's a different one than the one Judge Watford was asking about. That's an argument that it should be a one-year statute of limitations. It has nothing to do with the other argument that because you have Title II and III, it causes a problem, a conflict that wouldn't exist if there were no Title III. Those are two different arguments. But you're down to your last two minutes, so I don't want to take any more of your time if there's anything more that you need to add. I guess I do want to address the equitable tolling real quick. Well, but we don't have to deal with that, right? Because you conceded that it gets to go back regardless. Well, if the Court doesn't agree with our argument, that's correct. But I do want to point out that I think Plano misstates the doctrine, because the doctrine of equitable tolling applies when a plaintiff pursues a remedy in an alternative forum and then gets a ruling or gets kicked out of that. I don't understand why you're even telling us about this, because isn't that going to be for the district court to figure out? Well, basically what I'm trying to get at is that there's no need to remand for purposes of to allege facts to get equitable tolling because the doctrine doesn't even apply in the first place. I thought you conceded, though, that he was entitled to one more crack at it. Am I wrong on that? To the extent if the Court doesn't agree with the statute of limitations argument, I think there's nothing to argue. I thought even if we agreed with you that it's two years, because that's the only time, if it's three years, you're out of luck on statute of limitations. On two years, even if we say it's two years, I thought you had conceded he still gets to go back and have another crack at amending the complaint, right? We did, Your Honor, but the --- Why are you telling us about equitable tolling? I'm just really trying to figure that out. I do want to point out that the allegations, even if we accept them as true, that he, you know, notified a defendant, it's just the doctrine doesn't apply at all because there is no alternative form that he sought relief in. In fact, Sharkey concedes on page 9 of his reply that there is no administrative remedies. There is no other avenue to seek relief except to bring suits. So the doctrine doesn't even apply in the first place, so there's no need to remand just for that limited purpose. If any more questions? Thank you, counsel. All right. Three minutes, three seconds, over. Just to quickly clarify, there is no need to consider equitable tolling here. He had a right to amend his complaint. Kennedy, you said that. So if you've got a minute, I wouldn't waste it. All right. So two quick points. The first is that counsel kept reiterating that this is a personal injury right. The Wilson court did not say that any injury to a person takes a personal injury statute. It said to look at the most analogous State law, and that's what we're doing here. The most analogous State laws are ones that are also targeted and specifically incorporate the ADA. The second point is his point about Wilson and disharmony. So what we would have if Title II did take a three-year statute of limitations or, excuse me, if it took a two-year statute of limitations, we would actually have disharmony between State and Federal courts, because the State law causes of action under Gatto would take three years if they were Title II type of allegations, and under the ADA, they would take two years, and that creates disharmony also. So the clearest thing to do is to just simply choose the closest analog on the State law level, and that's the CDPA and the UNRRA Act, and then follow Gatto and for all Title II type of claims, apply the three-year statute of limitations. Roberts. So under your analysis, do you think the Morse court was wrong in the Second Circuit, because there's a Vermont statute that's analogous with a six-year statute of limitations? Do you think they just missed it? I think they didn't closely follow the Wilson dictates. They should have looked to the State, and instead they looked to analogous Federal law causes of action, which is what a lot of the circuits did. And that's a shortcut that actually doesn't get to the heart of what Wilson was concerned about. They were concerned about looking to the most analogous State law cause of action. And by looking, by saying the ADA is similar to other civil rights acts on the Federal level, that simply misses the point of Wilson. So, yes, I think that they got it wrong. Okay. Thank you. Any further questions? Thank you, Your Honor. Thank you, counsel. Thank you both very much. The case just argued will be submitted.
judges: Reinhardt, Watford, Lasnik